UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERALD HENNEGHAN,

                      Plaintiff,

      -against-

FREDERICK W. SMITH, et al.,

                      Defendants.

09 Civ. 07381 (RJH)

**MEMORANDUM OPINION
AND ORDER**

---

Richard J. Holwell, District Judge:

      Plaintiff *pro se* Gerald Henneghan ("Henneghan") worked at the FedEx Office and Print Services, Inc. ("FedEx Office") store in Manassas, Virginia from 2006 through 2008. Henneghan alleges that his immediate supervisor at that store, Jonathan Roach ("Roach") subjected him to ongoing and severe sexual harassment; that he brought this harassment to the attention of executives at FedEx Office and its parent company FedEx Corporation ("FedEx"); and that he was terminated by FedEx Office for complaining. Henneghan alleges this conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*. ("Title VII"), the civil rights statutes 42 U.S.C. §§ 1981 and 1985, and various provisions of New York State law; and sues Roach, Roach's wife Joy Roach ("Joy"), FedEx, FedEx Office, and possibly also Frederick W. Smith ("Smith") and Brian D. Phillips ("Phillips"), the CEOs of FedEx and FedEx Office respectively. Because the alleged harassment occurred by a vast majority in Manassas, and at most a single event occurred in New York, the Court transfers the federal claims in this case to the Eastern

District of Virginia. Because the Court transfers all federal claims, the Court dismisses the state law claims without prejudice.[1]

## I. FACTUAL SETTING

The following facts are relevant to this opinion.[2] Henneghan, an Afircan American man, resides in Washington D.C. (Compl. ¶¶ 1-2.) Roach and Joy allegedly once lived in New York and/or held New York State driver's licenses, but have resided, been employed, and paid taxes in Manassas, Virginia since April 2006. (*Id*. ¶¶ 6-7; Pl.'s Sept. 24, 2010 Opp'n ¶¶ 6-7; Jonathan Roach Supplemental Aff. ¶¶ 1-4; Joy Roach Supplemental Aff.¶¶ 1-4; Roach Def.'s Mem. at 4, 10.) FedEx is a global company that provides various transportation, e-commerce, and business services, incorporated in Delaware and headquartered in Tennessee. (Compl. ¶¶ 3, 8; Brunson Aff. ¶ 2.) FedEx Office, a subsidiary of FedEx, is a global company that provides document solutions and business services, incorporated in Delaware and headquartered in Texas. (Compl. ¶¶ 4, 9; Brunson Aff. ¶ 2.) Smith is the CEO of FedEx; Phillips is the CEO of FedEx Office. (FedEx Def.'s Mem. at 1.)

From approximately June 2006 through April 2008, Henneghan was employed at FedEx Office's store at 10756 Sudley Manor Drive, Manassas, Virginia. (Compl. ¶¶ 11,

---

[1] Joy Roach was sued here as "Kristine Roach also known as Krissy Roach, Joy Roach." (Compl. at 1.) Smith and Phillips were named as defendants as "Frederick W. Smith Chief Executive Officer **FEDEX** Corporation," and "Brian D. Phillips Chief Executive Officer **FEDEX** Office," respectively. (*Id*.) Because the complaint repeatedly discusses and refers to FedEx and FedEx Office as "Defendant **FEDEX**," (*see*, *e.g.*, *id*. ¶¶ 12, 13), yet does not refer to Smith or Phillips as "Defendant[s]," (*see*, *e.g.*, *id*. ¶¶ 101-108), the Court believes Henneghan has intended to sue FedEx and FedEx Office, and not Smith or Phillips. Any confusion would be meaningless, however, as the venue analysis, discussed *infra*, would not change.

[2] On a motion challenging venue pursuant to Federal Rule of Civil Procedure 12(b)(3), as is the case here, the court may consider evidence outside the four corners of the complaint including affidavits and other documentary evidence. *Cartier v. Micha, Inc.*, No. 06 Civ. 4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007); *Gulf Ins. Co. v. Glasbrenner*, 418 F.3d 353, 355 (2d Cir. 2005).

13; EEOC Compl., dated Aug. 25, 2008, at 1-2.) Roach was Henneghan's supervisor. (Compl. ¶ 16.) During that period, Roach allegedly subjected Henneghan to ongoing sexually harassing conduct at the Manassas store including, but not limited to: (1) discussing his and Henneghan's penis sizes; (2) displaying pornographic pictures of himself and his wife, Joy, including close up photographs of their genitalia; (3) displaying pornographic pictures of underaged girls; (4) requesting that Henneghan allow Roach to perform various sexual acts on him; (5) soliciting Henneghan to perform various sexual acts on Joy while he watched and masturbated; (6) parading Joy around the store to taunt Henneghan; and (7) withholding funds from Henneghan's paycheck when Henneghan refused to comply with Roach's requests. (*Id*. ¶¶ 32-96.) Additionally, in November 2007 while in New York City for Thanksgiving, Henneghan received a pornographic email from Roach. (*Id*. ¶ 53.) Henneghan allegedly requested on several occasions that Roach cease his harassment and wrote dozens of letters to various executives at FedEx and FedEx Office, but the conduct continued unabated. (*Id*. ¶¶ 39, 41, 100-117, 127.) Eventually FedEx Office put Henneghan on administrative leave and then fired him, allegedly in retaliation for his complaints of harassment. (*Id*. ¶ 136.)

Henneghan filed a complaint with the Virginia Council On Human Rights and the Equal Employment Opportunity Commission ("EEOC") on August 25, 2008. (EEOC Compl. at 1.) On May 8, 2009, the EEOC issued Henneghan a "Right to Sue" letter, which he received on May 15, 2009. (EEOC Notice of Right to Sue, dated May 8, 2009; Henneghan Decl. dated Aug. 8, 2009 ¶ 2.) Then on August 8, 2009, Henneghan filed the present suit bringing eight causes of action including federal claims under 42 U.S.C. §§ 1981 and 1985, and Title VII, and various New York State law claims. The Roach

Defendants and the FedEx Defendants have each filed motions to dismiss. Henneghan has cross-moved for sanctions.

## II. DISCUSSION

### A. Venue

Venue (as well as jurisdiction) is a threshold procedural issue to be decided before the substantive grounds on a motion to dismiss. *See Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996). When a defendant challenges venue, plaintiff has the burden of proving that venue is proper. *Id*. at 736. The Court must address whether plaintiff has demonstrated proper venue with respect to each count in the Complaint. *Cartier*, 2007 WL 1181788, at *2. In doing so, the Court may consider evidence beyond the allegations in the complaint. *Id*.

Venue for purposes of Henneghan's 42 U.S.C. §§ 1981 and 1985 claims "is governed by the general venue statute, 28 U.S.C. § 1391." *Cook v. UBS Financial Servs., Inc.*, No. 05 Civ. 8842, 2006 WL 760284, at *3 (S.D.N.Y. Mar. 21, 2006). That statute places proper venue in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Venue for Title VII claims, however, "is not determined by the general venue statute, but rather is strictly governed by 42 U.S.C. § 2000e-5(f)(3)." *Cook*, 2006 WL 760284, at *3 (internal quotation marks omitted). That statute provides for venue in:

any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Moreover, if the "unlawful employment practice" is alleged to have occurred mostly in one district and only minimally in another, then transfer from the latter to the former is generally proper. *See Cook*, 2006 WL 760284, at *5 (transferring Title VII claim from this District to District of Maryland because "most of the alleged unlawful employment practices concerning [plaintiff] occurred in Maryland."); *Oparaji v. New York City Dep't of Educ.*, 172 F. App'x 352, 354 (2d Cir. 2006) (affirming transfer of Title VII claim from this District to Eastern District of New York because "most of the events at issue in this litigation took place in the Eastern District."). Under 28 U.S.C. § 1406(a), invoked here by defendants, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

*Pro se* plaintiffs are held to less stringent pleading standards than are licensed attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must "construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Magdalena v. Cuomo*, No. 10-CV-4584 (SLT), 2010 WL 4222048, at *1 (E.D.N.Y. Oct. 20, 2010). Henneghan's complaint avers that venue is proper in this District because the unlawful acts alleged were committed here. (Compl. ¶

5

20.)  But the Court here considers whether Henneghan's complaint can properly claim venue in this District under any provision of the two relevant venue statutes.

Henneghan's Title VII claims cannot be properly venued in this District, and instead must be transferred to the Eastern District of Virginia.  Preliminarily, Henneghan can only argue for venue here, as he does, due to an unlawful act allegedly occurring in this District.  Henneghan does not contest defendants' contention that any relevant employment records would be located in Manassas, not in New York.  Nor does Henneghan argue that but for the actions described he would have worked in New York.  Moreover, Henneghan's complaint only alleges that one act occurred in New York.  The complaint, in graphic terms, describes several acts allegedly occurring while at work in the FedEx Office location in Manassas.  The complaint also happens to describe one incident when Henneghan received a harassing email allegedly while he was in New York for a Thanksgiving Day parade.  This one incident, however, is insufficient to place venue properly in New York when the vast majority of relevant events took place elsewhere.  *See Oparaji*, 172 F. App'x at 354.

Venue is also improper here for Henneghan's 42 U.S.C. §§ 1981 and 1985 claims.  As demonstrated above, "a substantial part of the events . . . giving rise to the claim," 28 U.S.C. § 1391(b)(2), did not occur in the Southern District of New York.  Moreover, the remaining grounds for venue under Section 1391(b) do not apply.  First, as this action could have been properly brought in the Eastern District of Virginia, venue is not proper here simply because "any defendant may be found" in New York.  *See* 28 U.S.C. § 1391(b)(3).  Second, Henneghan has not established that all defendants reside in some district in New York State so as to invoke 28 U.S.C. § 1391(b)(1).  A corporate defendant

"reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The FedEx Defendants make no argument that they would not be subject to personal jurisdiction here, nor seemingly could they. But Henneghan has not proved that the Roach Defendants reside in New York. True, Henneghan's complaint contains the conclusory statement, "Defendant [Roach] is a resident of the State of New York." (Compl. ¶ 6.) But (1) it makes no allegation concerning the residency of Joy. And (2) though Roach admits he held a New York driver's license in the past, that fact does not overcome Roach's sworn statement that since April 2006 he has resided and worked in Manassas, Virginia. Thus Henneghan cannot properly allege jurisdiction by invoking 28 U.S.C. § 1391(b)(1).[3]

Rule 12(b)(3) and 28 U.S.C. § 1406(a) permit a district court to outright dismiss claims when venue is improper. However, a court may also transfer the action to any district in which it could have originally been brought if the interests of justice so require. Because the Court does not reach the merits of any of Henneghan's claims, and because those claims if meritorious allege extremely serious wrongdoing, the Court finds a

---

[3] One reading of 28 U.S.C. § 1391(b)(1)'s language, would support venue in New York because (1) the FedEx Defendants reside in the Southern District of New York for venue purposes, and (2) all defendants reside in Virginia. 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State."). In other words, under this reading, a plaintiff naming one nationally-active corporate defendant along with several individual defendants would create proper venue over all defendants in every state in the Union so long as all the individual defendants lived in a single state. Courts do not read the statute's language in such a manner, however, and instead prefer the more reasonable reading that venue is proper in a judicial district where any defendant resides, *in the State* in which all defendants reside. *See Modak v. Alaris Companies, LLC*, No. C 08-5118, 2009 WL 1035485, at *2-3 (N.D. Cal. Apr. 17, 2009) (finding venue improper in the Northern District of California when two corporations resided in Texas, but only one of the two also resided in the Northern District of California); *Carson Optical, Inc. v. Telebrands Corp.*, No. 3:06 CV 821, 2007 WL 2460672, at *4-5 (D. Conn. Aug. 27, 2007) (finding venue improper in the District of Connecticut when two corporations resided in New York, but only one of the two also resided in Connecticut); 14D Wright et al., *Federal Practice and Procedure* § 3805 & n.4 (3d ed. 2007) ("The district in which all the defendants reside has remained from 1887 to the present a permissible venue for cases covered by the general venue statutes. . . . Provision also is made in [Section 1391(b)] for cases in which defendants reside in different districts *of the same state*.") (emphasis added).

transfer more appropriate than an outright dismissal. *See Morath v. Metropolitan Recovery Servs., Inc.*, No. 07 Civ. 11081, 2008 WL 954154, at *1 (S.D.N.Y. Apr. 8, 2008); *Guccione v. Harrah's Marketing Servs. Corp.*, No. 06 Civ. 4361, 2009 WL 2337995, at *9 (S.D.N.Y. July 29, 2009). Because it appears jurisdiction and venue are properly laid in the United States District Court for the Eastern District of Virginia, where Manassas is located, the Court transfers Henneghan's 42 U.S.C. §§ 1981 and 1985 claims, and his Title VII claims, to that district.

**B. Henneghan's State Law Claims and Cross-Motions for Sanctions**

"Federal courts have supplemental jurisdiction over state law claims 'that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *DCML LLC v. Danka Business Systems PLC*, No. 08 Civ. 5829, 2008 WL 5069528, at *3 (S.D.N.Y. Nov. 26, 2008) (quoting 28 U.S.C. § 1367(a)) (alteration in original). Though a court's exercise of that jurisdiction is discretionary, when "all federal claims have been dismissed before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the state-law claims." *Id*. (alteration in original) (internal quotation marks omitted). Here all of Henneghan's federal claims have been transferred to the Eastern District of Virginia. Thus the Court declines to exercise jurisdiction over Henneghan's state law claims and dismisses them without prejudice to refiling either in that court or in New York state court.

To the extent that Henneghan cross-moves for sanctions against defendants and their lawyers, those motions are denied as moot.

## III. CONCLUSION

For the reasons stated above, the federal causes of action in this case, arising under Title VII of the Civil Rights Act, and 42 U.S.C. §§ 1981 and 1985 (causes of action one, two, and six) are transferred to the United States District Court for the Eastern District of Virginia; and the remaining New York State law claims are dismissed without prejudice. The Clerk of the Court is directed to close the pending motions [13, 28, 33], facilitate the transfer of this action, and close this case.

SO ORDERED

Dated: New York, New York
February 17, 2011

Richard J. Holwell
United States District Judge